IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ELDON BUGG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:08-4277-CV-V-NKL |
| ) | |
| PEGGY BOOTS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Plaintiff Eldon Bugg's ("Bugg") motion for reconsideration [Doc. # 35] of the Court's April 1, 2009 Order [Doc. # 33]. For the following reasons, the Court grants in part and denies in part the motion; pursuant to Rule 60(a) the Court clarifies that its Eleventh Amendment discussion in the April 1 Order does not apply to Bugg's claims, and that the April 1 Order applies to Bugg's Amended Complaint.

**I.    Factual Background**

Bugg sued Defendants Peggy Boots, Clerk of the Randolph County, Missouri, Circuit Court, and the Honorable Cynthia Suter, Associate Circuit Judge for the same court. Bugg attempted to state claims in this Court because Boots and Suter allegedly refused to give him copies of court documents in a separate lawsuit he filed in the Randolph County court.

In its April 1 Order, the Court dismissed Bugg's claims. The Court abstained from exercising jurisdiction over Bugg's declaratory and injunctive claims under *Younger v. Harris*, 401 U.S. 37 (1971). The Court dismissed Bugg's individual capacity damages claims

on the basis of judicial and quasi-judicial immunity, and stated that Eleventh Amendment immunity barred his official capacity damages claims.

## II.     Discussion

Bugg states that he brings his motion under Rule 59 on grounds of manifest error of fact and law. Rule 59(e) motions "are not proper vehicles for raising new arguments. *Capitol Indemn. Corp. v. Russellville Steel Co., Inc.*, 367 F.3d 831, 834 (8th Cir. 2004) (citing *Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir. 1993) ("... nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time")). "Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998)) (citations omitted).

Bugg also states that he brings his motion under Rule 60 because the April 1 order is void. Federal Rule of Civil Procedure 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Reyher v. Champion*, 975 F.2d 483, 488 (8th Cir. 1992) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir.1986)). Rule 60(b)(4) provides relief from a void judgment. "A judgment is not void merely because it is erroneous." 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2862 (1973). "It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with the due process of law." *Id.*

Upon review, Bugg's motion for reconsideration fails to set forth any manifest errors of law or fact, new evidence, or exceptional circumstances which would warrant granting the motion. His new and rehashed arguments concerning whether Defendants acted in non-judicial and non-quasi-

2

judicial capacities are not an appropriate basis for reconsideration, and do not overcome the analogous case law to the contrary. In addition to mischaracterizing Defendants' statements to the Court, Bugg's argument about the existence of a judgment simply restates that addressed in the April 1 Order. Bugg's motion for reconsideration on those bases is denied.

However, Bugg does point out a mistake in the April 1 Order. Though the Court did consider Bugg's Amended Complaint when analyzing Defendants' motion to dismiss, the fact section of the April 1 Order mistakenly references Bugg's original Complaint. The mistaken references: quote the original Complaint in stating that Bugg appeared to sue Defendants in both their individual and official capacities; state that Bugg sought relief under 42 U.S.C. § 1985 as well as § 1983; and otherwise use the word "Complaint" where "Amended Complaint" was intended.

Bugg's Amended Complaint did attempt to clarify that he sought relief from Defendants in their individual capacities alone under only § 1983 (though Defendants still expressed some confusion over the capacity in which they were sued). As specified in the April 1 Order, Eleventh Amendment immunity applies only to official capacity claims. Because Bugg has clarified that he brings no such claims, the Court's discussion of Eleventh Amendment immunity does not apply to any of his claims. Because the Court limited the application of Eleventh Amendment analysis to official capacity claims, the discussion of Eleventh Amendment immunity does not affect the Court's resolution of Bugg's remaining claims.

Beyond the mistaken references to the original Complaint, the April 1 Order does address the Amended Complaint. The Court did consider the Amended Complaint in preparing the April 1 Order. That Order grants Defendants' motion to dismiss the Amended Complaint for the reasons

3

stated. The mistaken reference does not render the April 1 Order void, and Bugg's motion for reconsideration of the judgment as void is denied.

However, Federal Rule of Civil Procedure 60(a) allows the Court to correct its Orders based on clerical mistakes, oversights and omissions. Therefore, pursuant to Rule 60(a), the Court clarifies that Bugg apparently sued Defendants in their individual capacities only, and, thus, that the Eleventh Amendment analysis does not apply to Bugg's § 1983 claims. Further, the Court clarifies that the April 1 Order does apply to, and address, Bugg's Amended Complaint.

Finally, Bugg's motion requests an extension of the page limitation for briefs in support of motions. Though such requests are traditionally filed as separate motions, the Court grants Bugg's request and has considered all pages of his briefing on this matter. Bugg presents no other argument that warrants granting his motion.

## III. Conclusion

Accordingly, it is hereby ORDERED that Bugg's motion for reconsideration [Doc. # 35] is GRANTED in part as to the page limitation extension and DENIED in all other respects; pursuant to Rule 60(a) the Court clarifies that its Eleventh Amendment discussion in the April 1 Order does not apply to Bugg's § 1983 claims, and that the April 1 Order applies to Bugg's Amended Complaint.

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated: April 30, 2009
Jefferson City, Missouri